UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVE CANNON,                         )         No. EDCV 12-1133 AGR
                                      )
                    Plaintiff,        )
                                      )         MEMORANDUM OPINION AND ORDER
        v.                            )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
                    Defendant.        )
_____      )

        Plaintiff Steve Cannon filed a complaint on July 19, 2012.  Pursuant to 28 U.S.C.
§ 636(c), the parties consented to proceed before the magistrate judge on August 8 and
9, 2012.  (Dkt. Nos. 8, 9.) The parties filed a Joint Stipulation ("JS") on February 15,
2013, that addressed the disputed issues in the case.  The court has taken the JS
under submission without oral argument.

        Having reviewed the entire file, the court reverses the decision of the
Commissioner and remands for further proceedings consistent with this opinion.

I.

## PROCEDURAL BACKGROUND

On January 27, 2010, Cannon filed an application for disability insurance benefits alleging an onset date of October 31, 2008.  Administrative Record ("AR") 17.  The application was denied initially and upon reconsideration.  AR 53-54.  Cannon requested a hearing.  On April 29, 2011, an Administrative Law Judge ("ALJ") conducted a hearing at which Cannon, a medical expert and a vocational expert testified.  AR 34-52.  On May 23, 2011, the ALJ issued a decision denying benefits.  AR 14-24.  On May 3, 2012, the Appeals Council denied review.  AR 1-3.  This lawsuit followed.

II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Moncada*, 60 F.3d at 523.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  *Moncada*, 60 F.3d at 523.

III.

## EVALUATION OF DISABILITY

### A.    Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.    The ALJ's Findings

The ALJ found that Cannon met the insured status requirements through December 31, 2011.  AR 19.  Cannon had the severe impairments of hypertension, obesity and degenerative disc disease of the lumbar spine.  *Id.*  He had the residual functional capacity ("RFC") to perform light work as follows:  Cannon "can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk (with normal breaks) for a total of 6 hours of an 8-hour day; sit (with normal breaks) for a total of 6 hours of an 8-hour day; and perform posturals occasionally."  AR 20.  Although Cannon cannot perform any past relevant work, the ALJ found there are jobs that exist in significant numbers in the national economy that he can perform such as mail clerk and arcade attendant.  AR 22-23.

### C.    Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) *see also Vasquez*, 572 F.3d at 591.

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'  The claimant, however,

'need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.' 'Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged.'" *Lingenfelter*, 504 F.3d at 1035-36 (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). The ALJ found that Cannon's medically determinable impairments could reasonably be expected to produce the alleged symptoms.  AR 21.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief."  *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted).  "The ALJ must cite the reasons why the claimant's testimony is unpersuasive."  *Id.* (citation and quotation marks omitted).

In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation."  *Bunnell*, 947 F.2d at 346

(citing Social Security Ruling 88-13,[1] quotation marks omitted); *see Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  The ALJ may also consider inconsistencies or discrepancies in claimant's statements; inconsistencies between claimant's statements and activities; exaggerated complaints; and unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing."  *Thomas*, 278 F.3d at 959; *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found that Cannon's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  AR 21.  The ALJ essentially discounted his credibility because the objective medical evidence did not support the alleged severity of his symptoms.  AR 21.

"Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."  *Burch*, 400 F.3d at 681.  The ALJ's analysis of the medical records is supported by substantial evidence.  However, the objective medical evidence is the sole basis for the ALJ's credibility finding.  The ALJ stated that "the first factor the undersigned considered is that the claimant's testimony concerning his symptoms and limitations is not supported by the evidence of record."  AR 21.  The ALJ then stated that "although the claimant has described daily activities that are fairly limited," he discounted those allegations because they "cannot be objectively verified with any reasonable degree of certainty" and "it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other

---

[1]   Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

factors discussed in this decision."  *Id.*  Although the ALJ referred to "other factors," no other factors were set forth in the decision.  The ALJ thus erred, and the matter must be remanded for reconsideration of Cannon's credibility.

### D.  Chiropractor

Cannon argues that the ALJ erred in failing to consider the January 22, 2010 opinion of a chiropractor, Dr. Gonzales.  AR 483-506.

The ALJ stated that he considered "the various opinions in the record prepared by physicians for the claimant's employer's workers compensation carrier in conjunction with his worker's compensation claim."  AR 22.  It is not clear from the record whether the ALJ considered Dr. Gonzales' opinion, which was faxed two days prior to the hearing and marked as Exhibit 14F at the hearing.  AR 37.  The medical expert testified that he reviewed only the exhibits through 13F, and the ALJ stated that he "won't incorporate the 14th exhibit."  AR 38.

Assuming the ALJ considered Dr. Gonzales' opinion, the ALJ gave "little weight" to the workers' compensation opinions "because the disability findings and ratings are based on different criteria for worker's compensation determinations, they do not set forth specific limitations, and they overall address an issue reserved to the Commissioner."  AR 22.

A treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011); 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").  However, Dr. Gonzales' opinion was not a conclusory statement like those described in § 404.1527(d)(1).  *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).  Dr. Gonzales expressed the following opinions that were inconsistent with the ALJ's RFC assessment:  Cannon could never kneel or crawl, and could carry five pounds occasionally.  AR 483.  Dr. Gonzales explained the basis for his opinions.  AR 492-500.

A chiropractor is not an acceptable medical source.  20 C.F.R. § 404.1513(a), (d)(1).  However, the Commissioner may use such evidence "to show the severity of your impairment(s) and how it affects your ability to work."  *Id.* § 1513(d).

The ALJ's rationale that the workers' compensation opinions do not set forth specific limitations does not apply to Dr. Gonzales' opinion.  As mentioned above, to the extent inconsistent with the RFC, Dr. Gonzales opined that Cannon could never kneel or crawl, and could carry five pounds occasionally.  AR 483.

An ALJ "may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings."  *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002).  "Instead, the ALJ must evaluate medical opinions couched in state workers' compensation terminology just as he or she would evaluate any other medical opinion."  *Id.*

In that regard, "it is important to distinguish between those portions of the physicians' reports that represent the physicians' medical findings and those portions of the reports that represent conclusions as to the claimant's disability for purposes of worker's compensation."  *Coria v. Heckler*, 750 F.2d 245, 247 (9th Cir. 1984).  Because the tests for Social Security disability and workers' compensation are different, "the ALJ could reasonably disregard so much of the physicians' reports as set forth their conclusions as to [the claimant's] disability for worker's compensation purposes."  *Id.*  "On the other hand, the physicians' findings, *qua* findings, do not necessarily suffer from similar defects."  *Id.* at 248.  "[T]he ALJ should evaluate the objective medical findings set forth in the medical reports for submission with the worker's compensation claim by the same standards that s/he uses to evaluate medical findings in reports made in the first instance for the Social Security claim, unless there is some reasonable basis to believe a particular report or finding is not entitled to comparable weight."  *Id.*

As discussed above, it is unclear whether the ALJ considered Dr. Gonzales' opinion.  AR 38.  Because this matter is being remanded, the ALJ should make clear

whether he considered Dr. Gonzales' opinion and, if so, the basis for his rejection of Dr. Gonzales' opinion that Cannon should never kneel or crawl, and can carry five pounds occasionally.

### E.   Medical Expert

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'"  *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis in original).  However, a non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Thomas*, 278 F.3d at 957.

The ALJ accepted the medical expert's opinion that Cannon was able to  perform at least light work with occasional postural activity.  AR 21-22.  The ALJ relied on the medical expert's opinion "because it is consistent with the greater objective medical evidence."  AR 22.  The ALJ noted that Cannon had "generally normal objective physical examinations and no neurological deficits."  AR 21.  The ALJ specifically cited the records of the examining physician and an internist in the workers' compensation proceeding.  AR 21-22.

Although the ALJ states that the medical expert's opinion is consistent with the greater objective medical evidence, it is unclear whether the ALJ considered Dr. Gonzales' opinion and the EMG study referenced on AR 492 (*see* AR 162).  Because this matter is being remanded, the ALJ should clarify whether he considered Dr. Gonzales' report and the EMG study referenced on AR 492.

**IV.**

**CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 25, 2013                    _____
                                            ALICIA G. ROSENBERG
                                            United States Magistrate Judge

9